**GOVERNMENT OF THE VIRGIN ISLANDS *ex rel*;**
**LEONA ANTHONY, Appellant**

**v.**

**PATRICK ANTHONY, Appellee**

D.C. Civ. App. No. 93-105

T.C. Fam. No. D24-1989 & S86-1991

District Court of the Virgin Islands

Div. of St. Thomas and St. John

February 22, 1994

DARLENE GRANT, ESQ. Asst. Atty. General, V.I. Department of Justice, St. Thomas, V.I., *for Appellant*

RHYS HODGE, ESQ., St. Thomas, V.I., *for Appellee*

MOORE, *Chief Judge*, District Court of the Virgin Islands; BROTMAN, *Senior Judge* of the United States District Court for the District of New Jersey, Sitting by Designation; and CABRET, *Judge* of the Territorial Court of the Virgin Islands, St. Croix Division, Virgin Islands, Sitting by Designation.

■     ■     ■

On Appeal from the
Territorial Court of the Virgin Islands

## OPINION OF THE COURT

The Government of the Virgin Islands contends that the Territorial Court Judge violated the applicable rules and regulations in modifying the Government's determination and award of child support. For the reasons set forth below, this Court will reverse the Territorial Court's Findings of Facts and Conclusions of Law dated July 12, 1992 and its Decree of same date, and remand this matter for further consideration.

## I. FACTUAL BACKGROUND

Mrs. Anthony ("appellant") and appellee were married on April 26, 1980 and conceived 3 children. After the marriage failed, appellant filed a petition for support with the Virgin Islands Department of Justice, Division of Paternity and Child Support ("Government"). An administrative hearing officer heard the Anthony's case on July 23, 1991, and pursuant to the applicable Child Support Guidelines,[1] determined the amount of the children's monthly living expenses and their parent's incomes.[2] The officer awarded appellant a monthly amount of $550 for child support. As a result of that and other wage garnishments, appellee's biweekly net take-home pay was reportedly $10.74, which increased in 1992 to $35.45 due to a raise. App. at 137–38.

On August 15, 1991, appellee filed an appeal with the Territorial Court pursuant to V.I. Code Ann. tit. 16, § 354(b).[3] The matter was heard on February 20th and March 10th, 1992, producing approximately 450 pages of transcripts. The court entered its Findings in the record on March 12, 1993, ordering dissolution of the marriage and a decrease in the monthly child support award to $300. The

---

[1] The Child Support Guidelines applicable in this appeal are codified at V.I. R. & REGS. tit. 16, § 345, reprinted in App. at 453–64.

[2] The children's monthly expenses amounted to $1,209, while appellant's net weekly income equaled $276.50. Appellee's income amounted to $960.68 biweekly, netting $314.58 with payroll deductions, plus approximately $14,000 yearly from Banker's Insurance less expenses attributed to that job.

[3] Accompanying the trial court's consideration regarding child support was a petition for divorce. App. at 57.

order was reduced to writing on July 21, 1992. App. at 418–49. This appeal followed.

## II. DISCUSSION

■■■ The trial court's findings of fact are not disturbed on appeal unless clearly erroneous. Cooper v. Tard, 855 F.2d 125, 126 (3d Cir. 1988). Child support is determined in the Virgin Islands by applying specific rules and regulations which provide formulas and criteria for review. V.I. R. & Regs. tit. 16, § 345. Pursuant to V.I. Code Ann. tit. 16, § 354(b), the Territorial Court hears appeals of a hearing officer's decision de novo as a matter of original, as opposed to appellate, jurisdiction. Black's Law Dictionary 368 (Abr. 5th Ed. 1983). Thus, no presumption exists that the hearing officer's findings are correct, even if they appear to follow the Guidelines, since the trial court findings replace the hearing officer's award.

The lower court considered both parties' incomes and expenses in its findings. E.g., App. at 427, 430, 432, 437, 438–39, 441; Appt's Br. at 9. The trial judge referred to the worksheets submitted by the parties and explained that his detour from the Guidelines was based on appellee's inability to pay due to his encumbered income.[4] App. at 435. Acknowledging that the best interests of the children would be compromised if appellee was ordered to continue paying $550 monthly, the court also warned appellee that his mishandling of finances would no longer be tolerated. E.g., App. at 442. The judge knew "what was being urged upon [him] was the $253.84 biweekly, but from a realistic standpoint, [he could not order such payment] at [that] time", because to do so would create a "grave injustice."[5] Finally, the trial court stated that $300 monthly

---

[4] Only appellant's worksheet, not appellee's, was submitted in evidence on March 10, 1992. Appellee did submit statements of earnings at the March 5, 1992 hearing, although the statements only detail income from American Bankers Life.

[5] App. at 442, 446–47. The Guidelines may be disregarded if "injustice would result from the application thereof." V.I. R. & REGS. tit. 16, § 345-06. Several considerations are provided that may constitute variance from the Guidelines, such as the non-custodial parent's income falling below the poverty level and the non-custodial parent being voluntarily underemployed. The trial court determined that "grave injustice" would have resulted if the court strictly adhered to the Guidelines. Even though appellant alleges that the trial court erroneously deducted garnishment of appellee's paycheck from his income,

award was only a temporary support amount, since the court expected appellee to cut his expenses to a bare minimum in the near future. App. at 445, 447.

■ Although we understand what the trial court was attempting to accomplish, we cannot condone the procedure used in deciding the case.[6] Section 345 mandates that a determination to disregard and or modify the computations under the Guidelines' worksheets "must be supported by specific and written findings of fact, including, at a minimum, the amount that would have been established by the guidelines and the reasons for the variance therefrom." V.I. Code Ann. tit. 16, § 345(c). The trial judge openly and candidly disregarded this requirement, intimating that the Guidelines "exist[ed] in a vacuum" and recommending their repeal.[7] Acting in accordance with his stated position, the Territorial Court Judge failed to note the amount of support that would have been awarded had it not been for the variance, although he appeared to review the specific details as set forth on the worksheets. Since the trial court deliberately did not comply with the statutory mandate to state explicitly on the record the Guideline amount resulting from working through the calculations on the worksheets,[8] this Court is compelled to reverse the support award and remand this matter for the limited purposes of the Guideline support calculation being included in the trial court's findings of facts.

---

the court made findings consistent with the representations that the loans were incurred to benefit the entire family. Regardless, and as noted by the judge, any order of support exceeding appellee's actual take-home pay would have most likely result in noncompliance. App. at 447–48.

[6] We so rule while noting appellant's role in making our task of review particularly difficult by providing approximately 450 pages of transcript without one specific page citation regarding the trial court's alleged abuse of discretion.

[7] App. at 447–48. We reserve comment on the trial judge's criticisms of the Guidelines since any detour from the Guidelines' current procedures must be approved by the Legislature. Goldwater v. Carter, 444 U.S. 996 (1979) (Powell, J., concurring) (emphasizing the appropriateness of judicial restraint).

[8] The trial judge apparently believed that if he did make the required specific findings, he would be bound by them in making an award. App. at 445–49. The statute provides otherwise. The Guidelines may be modified or disregarded if injustice would result from their application: "Such determination must be based on criteria taking into consideration the best interests of the child (children) . . . ." V.I. CODE ANN. tit. 16, § 345(b) & (c).

## III. CONCLUSION

Although the trial court's variance from the Guidelines may have been appropriate, the court erred in disregarding the statutory requirement enunciated in V.I. Code Ann. tit. 16, § 345(c) that the judge must enter findings of fact that state the amount that would have been established by the guidelines had a variance not been permitted. For this reason, the Territorial Court's Findings of Fact and Conclusion of Law dated July 21, 1992, in addition to its Decree dated July 21, 1992, are vacated, and this matter is remanded for further proceedings to enter findings of fact in compliance with V.I. Code Ann. tit. 16, § 345(c). An appropriate order will be entered.

## ORDER OF THE COURT

AND NOW, this 22nd day of February, 1994, after careful review of the record and having considered the submissions of the parties; and for the reasons set forth in the Court's accompanying Opinion of even date;

IT IS ORDERED:

THAT the Territorial Court's Findings of Facts and Conclusions of Law dated July 12, 1992 and its Decree of same date are REVERSED, and the matter is REMANDED for further proceedings consistent with this Court's Opinion.